UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>ALFONSO ZAPIEN,<br><br>                             Defendant. | Case No.: 21CR2513-JO<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION** |

On September 11, 2023, Defendant Alfonso Zapien filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) claiming that COVID-19 conditions at FCI Sheridan presented "extraordinary and compelling circumstances." Dkt. 40 ("Def.'s Mot."). For the following reasons, the Court DENIES Zapien's motion.

## I. BACKGROUND

On August 4, 2021, Zapien pled guilty to knowingly importing methamphetamine into this country. 21 U.S.C. §§ 952, 960; *see* Dkt. 22. On April 29, 2022, the Court sentenced him to 60 months in prison and to 4 years of supervised release. Dkt. 38. Zapien

is currently incarcerated at FCI Sheridan and is scheduled to be released on November 7, 2024.  Dkt. 45 at 2 ("Opp'n Mot.").

Zapien now seeks early release on the grounds that the COVID-19 pandemic and the resulting restrictions at FCI Sheridan have created abusive and inhumane conditions. Def.'s Mot.  Zapien alleges that since the pandemic started, the facility has been in a constant state of lockdown. *Id.* at 2.  He claims that the pandemic has not only caused officers to leave their positions but also prevented inmates from working—causing both staffing and prison workforce shortages.  *Id.* at 3.  Zapien asserts that as a result, central services, such as plumbing, medical, food, laundry, supplies, and cleaning, have repeatedly been suspended, creating an unsanitary, dysfunctional, and dangerous situation for inmates. *Id.*  In addition, he alleges that when inmates have sought help from the courts, officers have beaten and abused them in retaliation.  *Id.*  Zapien argues that the above conditions warrant early release because the Court did not account for the "punitive nature" of the circumstances at FCI Sheridan when it imposed his sentence.  *Id.*

## II. DISCUSSION

A federal district court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  However, a court may order compassionate release by reducing a defendant's sentence if, after "considering the factors set forth in section 3553(a)," a defendant demonstrates "extraordinary and compelling reasons" warranting such a reduction.  18 U.S.C. § 3582(c)(1)(A).  The 18 U.S.C. § 3553(a) factors include "the nature and circumstances of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the need to avoid unwarranted disparities." *United States v. Jones*, 2023 WL 6932529, at *2 (S.D. Cal. Oct. 19, 2023) (summarizing the factors listed in 18 U.S.C. § 3553(a)).  In evaluating whether a defendant has shown "extraordinary and compelling reasons" for sentence reduction, courts may, but are not required to, consider the factors outlined in the Sentencing Commission's policy

statements, including the defendant's age, medical condition, or family circumstance. *See* U.S.S.G. § 1B1.13(b); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (establishing that these factors "may inform a district court's discretion" but "they are [in no way] binding" (internal citation omitted)).

Here, while Zapien reports the difficulties that the COVID-19 pandemic has wreaked on the prison system, he has not established that his individual circumstances present "extraordinary and compelling reasons" warranting sentence reduction. 18 U.S.C. § 3582(c)(1)(A). To begin, Zapien explains that the pandemic has resulted in workforce shortages which in turn has led to the cessation of cleaning and plumbing services as well as to food and drug supply shortages. Def.'s Mot. at 3. In addition, he asserts that the Bureau of Prisons' measures aimed at reducing infection have also denied inmates' rights to movement, interaction, and necessary programming. *Id.* While Zapien describes the general challenges that all inmates at FCI Sheridan have faced, he does not explain how these circumstances have specifically impacted him. *See United States v. Willis*, 2023 WL 2625530, at *4 (D. Or. Mar. 22, 2023) ("General conditions in a prison related to COVID-19, without some circumstance individual to a particular defendant, are not sufficient to reduce [the] defendant's sentence." (internal citation and quotation marks omitted)); *Jones*, 2023 WL 6932529, at *2 ("Courts routinely recognize that even despite the threat from COVID-19, compassionate release is 'rare' and 'extraordinary;' [and] the current national emergency does not change this." (internal citation and quotation marks omitted)); *United States v. Samal*, 2023 WL 2579887, at *3–4 (W.D. Wash. Mar. 16, 2023) (same); *United States v. Williams,* 2023 WL 7287287, at *1 (S.D. Cal. Nov. 3, 2023) (same). For example, he neither describes how these supply shortages have harmed him individually nor explains whether he has faced any heightened medical risks as a result of these general conditions. While Zapien alleges that officers have engaged in acts of retaliation when inmates sought relief from these conditions, *see* Def.'s Mot. at 3, he neglects to mention whether he himself was a victim of such abuse. While the Court is sympathetic to the hardships Zapien and all other inmates have likely endured

during this challenging time, the conditions he describes "apply to most, if not all, federal inmates" at FCI Sheridan and, thus, alone do not warrant a sentencing reduction. *Willis*, 2023 WL 2625530, at *4 (internal citation and quotation marks omitted). Accordingly, the Court DENIES Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

Dated: November 22, 2023

_____
Honorable Jinsook Ohta
United States District Judge